IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA

In Re: )
Lashanndylon Stearnes ) Bankruptcy Case No.
SSN: xxx-xx-3031 )
) 18-00256-13
Debtor. )
)

## APPLICATION FOR COMPENSATION AND EXPENSES
## COVER SHEET

1. Name of Applicants     S. Drew Barnett of Belt & Bruner, P.C.

2. Date of Application for Employment was filed:     June 4, 2018

3. Date of Order Authorizing Employment Entered:     June 5, 2018

4. Professional Services Provided to:     Debtor

5. Period for Which Compensation is Sought:     March 17, 2018 through July 8, 2019

6. Amount of Fees Sought:     $6,384.08

7. Amount of Expenses Sought:     $1,039.79

8. This is a Final Application

Dated this 9th day of July 2019.

S. Drew Barnett
Belt & Bruner, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35213
(205) 933-1500

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA

In Re: )
Lashanndylon Stearnes ) Bankruptcy Case No.
SSN: xxx-xx-3031 )
) 18-00256-13
Debtor. )
)

## APPLICATION FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTOR

COMES NOW, S. Drew Barnett of counsel to Belt & Bruner, P.C. ("Applicant"), as Special Attorney for the Debtor, in the above-style bankruptcy case, and as Applicant and in support of his Application for Compensation and Reimbursement of Expenses, states the following:

1. The Debtor filed a Voluntary Petition for Relief with this Court under Chapter 13 of Title 11 of the United States Code on January 22, 2018.

2. Bradford Carraway is the duly appointed Trustee of the above-styled case.

3. This Application is brought pursuant to Title 11 of the United States Code Sections 300, 331, and 503 and Rules 2016 and 2002 of the Federal Rules of Bankruptcy Procedure.

4. The Applicant has severed as Special Counsel to the Debtor pursuant to this Court's Order entered June 5, 2018 approving the employment of the Applicant

5. The Applicant seeks allowance of compensation for professional services rendered and for reimbursement of actual and necessary costs and expenses incurred by Applicant in the court of his employment.

6. Applicant was employed on a 40% contingency fee basis of the amount collected in the Debtor's underlying personal injury litigation.

7. All services of the Applicant for which compensation is requested were performed and on behalf of the Debtor.

8. The Applicant has not received any payments or promises for payment from any source in connection with this case, except as a promise by the Debtor to pay Applicant's contingency fee and to reimburse for expenses incurred, subject to this Court's approval upon application submitted by Applicant.

9. The Applicant has not shared or entered into any agreement for sharing compensation received by the Applicant for services performed in these proceeding from any person or entity.

10. This application is submitted pursuant to the standard set forth in the following cases: Grant v. George Schurmann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1291 (11th Cir. 1988); Matter of U.S. Golf Corp., 639 F.2d 1197 (5th Cir. 1981); Matter of First Colonial Corp. of America, 544 F. 2d 1291 (5th Cir. 1977); Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974).

11. In determining the allowance of attorney's fees and reimbursement of expenses under the Bankruptcy Code and the above cited decisions, the Court must consider the following:

    a. The nature and extent of the services rendered:
    Attorney S. Drew Barnett was responsible for the litigation and settlement of the underlying personal injury lawsuit.

    b. Value of Services: The total settlement of the underlying personal injury litigation was $17,000.00, based on the efforts of the Applicant.

    An objective estimate of the value of the services of Applicant is determined by the fees other attorneys normally charge for this type of work. Applicant's contingency fee rate is neither more nor less than the rate received by attorneys with comparable skill and experience in both bankruptcy and non-bankruptcy matters.

    c. Johnson Factors

    A determination of the reasonableness of the rate and hours submitted involves consideration of the twelve (12) factors outlined in Johnson v. Georgia Highway Express, Inc., supra.

      i. Time and Labor Required: The Applicant litigated the underlying case for approximately 16 months.

      ii. The Novelty and Difficulty of the Questions Presented by the Case: There were no particular novel issues.

      iii. Skilled Requisite to Perform the Services Properly: The entirety of the work performed for the Debtor in this matter to date as reflected in the Application has been performed by S. Drew Barnett, who has been an attorney for more than 6 years.

      iv. The Preclusion of Other Employment by Acceptance of this Employment: The representation by the Applicant of the Debtor in this matter has not precluded the Applicant from performing other work requirements.

      v. Customary Fees for Work in the Community: The fees charged for services rendered by the Applicant are customary and usual in the legal community where the Applicant practices and where this case was commenced. The contingency fee

rate is customarily charged to other clients for similar legal services during the period of time involved.

vi. <u>Contingent Nature of Fees:</u> As in all bankruptcy case, fees for professional persons employed are subject to Court approval and the availability of funds in the Debtor's estate and are in that sense contingent. However, further on this case the Applicant's fees were totally contingent.

vii. <u>Time Limitation Imposed by the Client or the Circumstances:</u> There have not been any undue time restraints or limitation imposed by the Client of the circumstances upon the Applicants with respect to work performed by Applicant in this matter.

viii. <u>Amount involved and Results Obtained:</u> The result of the efforts of the Applicant are $17,000.00.

ix. <u>Experience, Reputation, and Ability of Attorney:</u> Your Applicant has been a practicing attorney in Alabama for more than 6 years, all of which time he has spent prosecuting personal injury matters in both state and federal courts, such as was the subject of this lawsuit.

x. <u>The Nature and Length of the Professional Relationship of the Client:</u> The Applicant has not represented the Debtor in matters prior to the initiation of this Chapter 13 case.

xi. <u>The Undesirability of this Case:</u> Applicant does not consider this case to be "undesirable" except to the extent that it precludes the Applicant from other employment given the fact that fees are contingent and the further require Court approval.

xii. <u>Awards in Similar Cases:</u> Applicant has devoted a significant but reasonable amount of time thus far in the work which he was hire to perform; and therefore, avers the contingency fee rate for Applicant's compensation as well as reimbursement of his actual expenses incurred, is a fair and reasonable award of compensation and expenses, and is in the range of awards in similar proceedings.

WHEREFORE, PREMISES CONSIDERED, Applicant requests this Court to enter an Order approving this First Application for compensation and Reimbursement of Expenses by S. Drew Barnett of Belt & Bruner, P.C., Special Attorney for the Debtor as follows:

1. Award Applicant, S. Drew Barnett of Belt & Bruner, P.C. $6,384.08 as compensation for professional services rendered in this case for services, which is 40% of the net settlement after payment of expenses

2. Award Applicant S. Drew Barnett of Belt & Bruner, P.C. $1,039.79 reimbursement of out-of-pocket expenses

Applicants request such further, other, and additional relief as the Court deems just and proper.

## VERIFIED STATEMENT

I have read the above and foregoing Application. As required by Federal Bankruptcy Rule of Procedure 2014(a), and in accordance with the Federal Bankruptcy Rule or Procedure 9011(b) and Title 28 United States Code Section 1746, I declare under penalty of perjury that the statement there made with reference to me and my professional associates are true and correct.

Dated July 9th, 2019.

S. Drew Barnett
Belt & Bruner, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35213
(205) 933-1500